11-2756-ag
Pllana v. Holder
BIA
Bain, IJ
A088 779 542

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARYORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of August, two thousand twelve.

PRESENT:
>       JOSÉ A. CABRANES,
>       GERARD E. LYNCH,
>       SUSAN L. CARNEY,
>               *Circuit Judges*.

_____

SAMI PLLANA,
>       *Petitioner*,

>       v.                                          11-2756-ag
>                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent*.

_____

FOR PETITIONER:        Gregory Marotta, Law Office of Gregory Marotta, Vernon, New Jersey.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Russell J.E. Verby, Senior Litigation Counsel ; Katharine E. Clark, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sami Pllana, a native of Yugoslavia and a citizen of Kosovo, seeks review of a June 21, 2011, decision of the BIA affirming the July 9, 2009, decision of the Immigration Judge ("IJ") denying his application for asylum and withholding of removal. *In re Sami Pllana*, No. A088 779 542 (B.I.A. June 21, 2011), *aff'g* No. A088 779 542 (Immig. Ct. N.Y. City July 9, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Because the BIA agreed with the IJ that Pllana was not credible "and, without rejecting any of the IJ's grounds for decision, emphasize[d] particular aspects of [the IJ's] decision," we have reviewed both the BIA's and the IJ's opinions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). "We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Xiu Xia Lin v. Mukasey*, 534 F.3d

2

162, 165 (2d Cir. 2008) (quoting 8 U.S.C. § 1252(b)(4)(B)).
"Where the IJ's adverse credibility finding is based on
specific examples of inconsistent statements or contradictory
evidence, a reviewing court will generally not be able to
conclude that a reasonable adjudicator was compelled to find
otherwise." Id. at 166 (internal quotation marks and ellipsis
omitted). Because Pllana filed his asylum application in
2008, the REAL ID Act applies. *See* REAL ID Act of 2005, Div.
B of Pub. L. No. 109-13, 119 Stat. 302, 303 (2005) (codified
at 8 U.S.C. § 1158(b)(1)(B)(iii)); *In re S-B-*, 24 I. & N. Dec.
42, 45 (BIA 2006).

Substantial evidence supports the agency's determination
that Pllana did not testify credibly. The agency reasonably
relied on inconsistencies in the record. *See* 8 U.S.C.
§ 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 166-67.
As the agency found, Pllana's testimony that he called his
brother's friend Mahmut Idrizi for the first time from San
Antonio conflicted with his testimony that he called Idrizi
for the first time from Laredo. Pllana argues that he
testified that the smugglers who brought him across the United
States-Mexico border called Idrizi while Pllana was on his way
from San Antonio to Laredo, and that he called Idrizi after he

3

arrived in Laredo.  The record, however, reflects that Pllana did, in fact, testify that he, not the smugglers, called Idrizi from San Antonio.  Further, the agency reasonably noted a conflict between Pllana's and Idrizi's testimony on the subject of whether, prior to Pllana's arrival in the United States, Pllana's brother and Idrizi ever discussed Pllana's difficulties in Kosovo and his travel to the United States. Although Pllana identifies errors in the IJ's other inconsistency findings, those errors present no basis for remand, as the BIA did not rely on the questionable findings in dismissing Pllana's appeal, and the inconsistencies correctly identified by the IJ, in conjunction with the IJ's other ground for the determination, were sufficient to support the adverse credibility finding.  *See Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008) (finding that remand is futile where the Court can confidently "predict that the agency would reach the same decision absent the errors that were made" (internal quotation marks omitted)); *Xiu Xia Lin*, 534 F.3d at 167 (holding that "an IJ may rely on *any* inconsistency . . . in making an adverse credibility determination as long as the 'totality of the circumstances'" supports the determination).

The agency's adverse credibility determination is further supported by its reasonable conclusion that Pllana's testimony was insufficiently detailed.  Where an applicant gives "spare" testimony, the fact-finder may "fairly wonder whether the testimony is fabricated," and "may wish to probe for incidental details, seeking to draw out inconsistencies that would support a finding of lack of credibility."  *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007).  Here, the agency reasonably concluded that Pllana's testimony was nonresponsive and lacked details regarding Pllana's travel to the United States as well as his decision to join the Democratic League of Kosovo ("LDK").  Specifically, the IJ correctly noted that Pllana's testimony, even in response to further questions from the IJ, contained no details regarding how he met the Mexican smugglers who brought him to the United States.  Given the inconsistencies and spare and nonresponsive testimony identified by the agency, substantial evidence supports the agency's adverse credibility determination.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); Xiu Xia Lin, 534 F.3d at 167 (deferring "to an IJ's credibility determination unless, from the

totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling").

Finally, although the agency's adverse credibility finding is dispositive, substantial evidence also support's the agency's conclusion that the background evidence provided by Pllana did not support his claim that he has a well-founded fear of persecution in Kosovo because of his membership in the LDK.  The U.S. Department of State report on which Pllana relies describes only election manipulation and irregularities; it does not indicate that LDK members face violence or other mistreatment in Kosovo.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6